Case No. SACV 18-01564-JLS-JDE            Date: November 14, 2018
Title: Sean P. Harper v. Little Caesar Enterprises, Inc. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                       Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 17)**

Before the Court is Plaintiff Sean P. Harper's Motion to Remand. (Mot., Doc. 17.) Defendant Little Caesar Enterprises, Inc. opposed (Opp., Doc. 23) and Plaintiff did not file a reply. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for November 16, 2018, at 10:30 a.m., is VACATED. For the following reasons, the Motion to Remand is DENIED.

## I.    BACKGROUND

On July 9, 2018, Plaintiff filed this employment discrimination lawsuit in California Superior Court against Defendant, his former employer. (Complaint, Ex. A. to Notice of Removal, Doc. 1.) On July 17, 2018, pursuant to California Code of Civil Procedure § 415.30, Plaintiff mailed the summons, the complaint, and a notice and acknowledgment of receipt to Defendant's counsel, who was authorized to accept service on Defendant's behalf. (*See* Notice of Removal at 1; Ex. A to Tukhi Decl.) On August 6, 2018, Defendant's counsel signed, dated, and returned the notice and acknowledgment of receipt to Plaintiff. (*See* Acknowledgment Form, Ex. B to Notice of Removal.) On

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 18-01564-JLS-JDE                          Date: November 14, 2018
Title: Sean P. Harper v. Little Caesar Enterprises, Inc. et al

August 29, 2018, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal at 3.)

On September 10, 2018, the Court issued an Order to Show Cause re: Remand for Untimely Removal. (OSC, Doc. 13.) The parties each responded to the OSC, and in order to allow full briefing of the timeliness issue, the Court ordered Plaintiff to file a noticed motion to remand. (Doc. 16.) On September 19, 2018, Plaintiff filed the instant Motion to Remand. (Mot.) The only issue before the Court is the timeliness of Defendant's removal.

## II.     LEGAL STANDARD

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. §§ 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Langston v. 20/20 Companies, Inc.*, No. EDCV 14–1360 JGB (SPx), 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[D]efendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

### III.    DISCUSSION

First, while Plaintiff argues that "receipt of the initial pleadings is what triggers the removal period," the Supreme Court's decision in *Murphy Brothers* explicitly held that formal service is required to trigger the removal period.  *Murphy Brothers*, 526 U.S. at 348 (removal period is not triggered "by mere receipt of the complaint unattended by any formal service"); *see also Gonzales v. Lightcap*, LA 18-cv-01236 VAP (SHKx), 2018 WL 3753019, at *2 (C.D. Cal. Aug. 7, 2018) ("The U.S. Supreme Court has determined that formal service is necessary to trigger the 30-day time-limit.")  Thus, the issue before the Court is when the complaint and summons were formally served upon Defendant.

Plaintiff argues that Defendant was formally served when Defendant received the complaint, summons, and notice and acknowledgement of receipt, which he speculates occurred on July 19 or 20, 2018.  (Mem. at 7.)  Defendant argues that service was not complete until it signed the notice and acknowledgment of receipt on August 6, 2018.  (Opp. at 3.)

The plain language of California Code of Civil Procedure § 415.30 clearly supports Defendant's interpretation.  The relevant subsection provides:

> Service of a summons pursuant to this section is *deemed complete on the date a written acknowledgment of receipt of summons is executed*, if such acknowledgment thereafter is returned to the sender.

Cal. Code Civ. Proc. § 415.30(c) (emphasis added).  The party being served has twenty days from the date of mailing to return the notice and acknowledgement of receipt to the sender.  *Id.* § 415.30(d).  Here, Plaintiff mailed the materials on July 17, 2018, and Defendant signed, dated, and returned the notice and acknowledgement of receipt on August 6, 2018 – twenty days later.

Thus, Defendant was not formally served until it executed the acknowledgement of receipt on August 6, 2018, and had until September 5, 2018 to remove.  This conclusion is in accord with the other courts to rule on this issue. *See, e.g.*, *Langston*, 2014 WL 5335734, at *3 (holding that the date of execution of the notice and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 18-01564-JLS-JDE | Date: November 14, 2018 |
| Title:  Sean P. Harper v. Little Caesar Enterprises, Inc. et al | |

acknowledgment of receipt triggers the 30-day removal period); *Snow v. AT&T Corp.*, No. C 05–00599 JF, 2005 WL 1798399, at *2 (N.D. Cal. July 27, 2005) (same).  Indeed, as the *Langston* court noted, "California courts have clarified that the section 'expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service.'"  *Langston*, 2014 WL 5335734, at *3 (quoting *Thierfeldt v. Marin Hosp. Dist.*, 110 Cal. Rptr. 791, 800 (Cal. Ct. App.1974))

Accordingly, Defendant's removal on August 29, 2018 was timely.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

Initials of Preparer:  tg